## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SCOTT SHECKARD and MARGARET SHECKARD, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>OVERBY-SEAWELL COMPANY and FULTON BANK, N.A.,<br><br>        Defendants. | Civil Action No.:<br>1:22-cv-03708-SDG |

## DEFENDANT FULTON BANK, N.A.'S UNOPPOSED MOTION TO STAY CASE DEADLINES INCLUDING TIME TO RESPOND TO COMPLAINT

Defendant Fulton Bank, N.A. ("Fulton"), in accordance with Federal Rule of Civil Procedure 6(b)(1)(A) and the Court's Standing Order Regarding Civil Litigation, Section (h.) (Dkt. No. 4), respectfully requests that this Court stay Fulton's time to reply to Plaintiffs Scott Sheckard and Margaret Sheckard's ("Plaintiffs") opposition to Fulton's motion to dismiss (Dkt. No. 19), as well as all other case deadlines, until and including twenty days after a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") that decides whether this action should be consolidated under 28 U.S.C. § 1407 with other related actions filed against co-

Defendant Overby-Seawell Company ("OSC").  In support, Fulton states as follows:

1.      On September 19, 2022, Plaintiffs filed a Class Action Complaint against Defendants OSC and Fulton in this Court. This case arises out of a cyberattack against OSC (the "Incident").  Plaintiffs alleges a lender-borrower relationship vis-à-vis Fulton and them.  In the course of that relationship, Plaintiffs allege that they provided certain personal data to Fulton.  As a lender, Fulton uses OSC, a third-party vendor, to verify property insurance on mortgaged property, and provides OSC with loan files containing customer information to perform those services.  OSC notified Fulton of the Incident and that certain Fulton customer information may have been subject to unauthorized access.  On Fulton's behalf, OSC notified all Fulton customers whose information may have been impacted, including allegedly Plaintiffs.  (ECF No. 1, *passim*.)

2.      This action is one of two currently pending actions against OSC and Fulton before this Court based on the same underling factual allegations relating to the Incident involving Fulton's vendor, OSC.  The other case is *West v. Overby-Seawell Co. and Fulton Bank, N.A.*, No. 1:22-cv-03858-SDG, filed Sept. 26, 2022 (together with this case, the "OSC-Fulton Bank Actions").

3.      In addition, eight other cases have been filed against OSC and another bank (KeyBank), arising out of the Incident.  Three are before this Court (**in bold**),

three are pending in the Northern District of Ohio, and two are in the Western District of Pennsylvania, collectively the "OSC-KeyBank Actions" as follows:

  i.  *Bozin, et al. v. KeyBank N.A., et al.*, No. 1:22-cv-1536-CEF (N.D. Ohio) (filed 8/30/2022);

  ii.  **Samsel v. Overby-Seawell Co., et al., No. 1:22-cv-03593-SDG (N.D. Ga.) (filed 9/6/2022)**;

  iii.  *Urciuoli, et al. v. KeyBank N.A., et al.*, No. 1:22-cv-01598-SO (N.D. Ohio) (filed 9/8/2022);

  iv.  **Marlowe v. Overby-Seawell Co. et al., No. 1:22-cv-03648-SDG (N.D. Ga.) (filed 9/9/2022)**;

  v.  *Martin, et al. v. KeyBank N.A., et al.*, No. 2:22-cv-01346-RJC (W.D. Pa.) (filed 9/20/2022);

  vi.  **Archer, et al. v. Overby-Seawell Company et al., No. 1:22-cv-0370-SDG (N.D. Ga.) (filed 9/20/2022)**;

  vii.  *Brouty et al v. KeyBank National Association et al.*, No: 1:2022-cv-01885 (N.D. Ohio) (filed Oct. 19, 2022); and

  viii.  *Pittman v. KeyBank N.A. et al.*, No. 2:22-cv-1513-RJC (W.D. Pa.) (filed 10/26/2022).

4.    Fulton was served in this case on September 16, 2022.

5.      On October 6, 2022, Fulton filed its Consent Motion for Extension of Time to Respond to the Class Action Complaint.  (ECF No. 7.)  On October 7, 2022, the Court granted Fulton's Consent Motion (ECF No. 7) and set the following deadlines: to answer the Complaint or otherwise file a motion to dismiss by November 7, 2022; for Plaintiffs to respond to the motion to dismiss by December 5, 2022; and for Fulton to file a reply to Plaintiffs' response by December 19, 2022. (ECF No. 11.)

6.      On October 18, 2022, the plaintiffs in the *Martin* action, *supra*, pending in the Western District of Pennsylvania moved for multidistrict consolidation of all the OSC-KeyBank Actions and for transfer of them to the Western District of Pennsylvania.  (MDL No. 3056, ECF No. 1.)

7.      Since then, on November 9, 2022, OSC responded in partial support of multidistrict consolidation, but opposes transfer to the Western District of Pennsylvania.  Instead, OSC seeks multidistrict consolidation and transfer of the OSC-KeyBank Actions in this Court.  (MDL No. 3056, ECF No. 33.)  Similarly, KeyBank supports multidistrict consolidation and transfer of the OSC-KeyBank Actions in this Court.  (MDL No. 3056, ECF No. 29.)

8.      On November 7, 2022, in accordance with the Court's briefing schedule (ECF No. 7), Fulton filed a motion to dismiss in this the *Sheckard* action (ECF No.

16) and, on December 5, 2022, Plaintiffs filed a response to Fulton's motion to dismiss (ECF No. 19).

9.      On November 7, 2022, OSC filed a motion to stay based on the pending JPML proceedings (ECF No. 15), which the Court granted on December 5, 2022 (ECF No. 18).

10.      OSC also seeks to include the OSC-Fulton Bank Actions in multidistrict consolidation of the OSC-KeyBank Actions.  (*See* MDL No. 3056, ECF No. 28.)

11.      All briefing on the multidistrict consolidation and transfer was completed on or before November 15, 2022. The motion is currently pending before the JPML.  (MDL No. 3056.)

12.      At this time, Fulton neither supports nor opposes multidistrict consolidation with the OSC-KeyBank Actions.  Nevertheless, Fulton contends that the OSC-Fulton Bank Actions should remain before this Court, with or without consolidation.

13.      Given that the pending decision by the JPML could impact this case, including whether it remains on its own, is consolidated with the OSC-KeyBank Actions, or is transferred to another court or stays here, as it should, Fulton respectfully requests that all case deadlines be stayed, including its time to reply to

in support of its motion to dismiss, until after the JPML rules on the competing briefs for consolidation and transfer before it.  If the procedural posture of this case is not affected by the JPML decision, then Fulton respectfully request that its reply in support of the motion to dismiss be due 20 days after the JPML issues its decision.

14.    In this regard, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1996). Therefore, "a district court may 'stay a case pending the resolution of related proceedings in another forum.'" *Sessions v. Barclays Bank Del.*, 276 F. Supp. 3d 1349, 1350 (N.D. Ga. 2017) (quoting *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F. 3d 1262, 1264 (11th Cir. 2000)).

15.    Undersigned counsel conferred with counsel for Plaintiffs about the requested stay, and Plaintiffs' counsel consented to and does not oppose the relief sought in this motion.

16.    Undersigned counsel conferred with counsel for OSC about the requested stay, and OSC's counsel consented to and does not oppose the relief sought in this motion.

17.    Provided the JPML decision does not impact the procedural posture of this action, then, as required under this Court's Standing Order Regarding Civil

Litigation, Section (h.), the parties hereto submit the proposed briefing scheduling for Fulton's anticipated motion to dismiss:

      i.    Fulton's Deadline to file a Reply in support of its Motion to Dismiss—**20 days following a ruling by the JPML**.

18.    The Parties also request these deadlines to account for the complexity of this case and the upcoming holidays.

19.    The Court granted a similar request for a stay by the parties in *West v. Overby-Seawell Co. and Fulton Bank, N.A.*, No. 1:22-cv-03858-SDG (ECF No. 20-21).

20.    Based on the foregoing, Fulton submits that good cause is shown for the requested stay of case deadlines, that a stay will be of limited duration and will not delay these proceedings or prejudice any party.

*[Signature block on next page]*

Dated: December 16, 2022.

<div style="margin-left: 50%;">

/s/ Christopher A. Wiech
Christopher A. Wiech
Ga Bar No. 757333
Chelsea M. Lamb
Ga Bar No. 524879
**BAKER & HOSTETLER LLP**
1170 Peachtree Street NE, Suite 2400
Atlanta, GA 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734
cwiech@bakerlaw.com
clamb@bakerlaw.com

***Attorneys for Defendant***
***Fulton Bank, N.A.***

</div>

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel for Defendant Fulton Bank, N.A. certifies that this document has been prepared using Times New Roman 14-point font in accordance with Local Rule 5.1(C) of the United States District Court for the Northern District of Georgia.

Dated: December 16, 2022.

<div align="right">

*/s/ Christopher A. Wiech*
Christopher A. Wiech
Georgia Bar No. 757333

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this day, I served a copy of the foregoing on counsel through the Court's CM/ECF system, which will automatically provide a copy to all counsel of record.

Dated: December 16, 2022.

*/s/ Christopher A. Wiech*
Christopher A. Wiech
Ga Bar No. 757333